Filed 6/23/23  P. v. Moss CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>CHRISTOPHER EDWARD MOSS,<br><br>    Defendant and Appellant. | A165376<br><br>(Alameda County<br>Super. Ct. No. 174516) |

**MEMORANDUM OPINION**

While armed with a firearm, Christopher Edward Moss kidnapped, robbed, burglarized, and sexually assaulted several victims over a three-day period; a jury convicted him of 12 felonies and found true 11 firearm enhancements (Pen. Code, §§ 12022.5, 12022.53).[1]  In 2015, the trial court imposed a lengthy prison sentence: an indeterminate term of seven years to life with the possibility of parole, plus a consecutive determinate term of 29 years.  Firearm enhancements comprised 21 years, four months of the

_____

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  We incorporate by reference our unpublished opinion in Moss's prior appeal, assume the reader is familiar with the factual and procedural background, and recite only those facts necessary to resolve the issues before us.  (*People v. Moss* (Apr. 2, 2019, A146665).)  Undesignated statutory references are to the Penal Code.

1

determinate term. Moss appealed. As relevant here, we conditionally reversed the conviction and sentence, and we remanded for resentencing to allow the court to exercise its discretion on whether to strike or dismiss the firearm enhancements under amendments to sections 12022.5 and 12022.53.

Resentencing occurred in May 2022. Moss urged the trial court to dismiss all but one firearm enhancement pursuant to Senate Bill No. 81 (2021–2022 Reg. Sess.; Stats. 2021, ch. 721, § 1) which provides guidance on how trial courts are to exercise their discretion when deciding whether to dismiss sentencing enhancements under section 1385. As amended, section 1385, subdivision (c) provides that, subject to certain exceptions, "a sentencing court 'shall dismiss' [an] . . . enhancement 'if it is in the furtherance of justice to do so,' " and that in exercising its discretion, a court must " 'afford great weight' " to specified mitigating circumstances proven by the defendant unless it finds " 'dismissal of the enhancement would endanger public safety.' " (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 290.) One such mitigating circumstance is that "[m]ultiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).) At the resentencing hearing, Moss expressed remorse for his actions, and he described his rehabilitative efforts while incarcerated.

The prosecution offered two rationales for imposing multiple firearm enhancements. First, it suggested the trial court could impose multiple enhancements notwithstanding the language in section 1385, subdivision (c) because Moss's crimes were committed over a period of several days against multiple victims. Second, the prosecution insisted that dismissing the enhancements would endanger public safety because the offenses were "serious," the victims had "lasting trauma," and Moss's disciplinary record

2

while incarcerated — which included several "serious rules violations" — did not weigh in favor of a reduced sentence.

The trial court declined to strike the firearm enhancements under section 1385, subdivision (c). It began by reciting the "absolutely horrendous" facts underlying the offenses, noting that Moss beat, sexually assaulted, and robbed strangers, and that he threatened to kill them while pointing a gun at them. The court concluded his "horrific," egregious, and "frightening" behavior presented an "overwhelming threat to public safety." After reciting the aggravating and mitigating factors, the court concluded it would not be in furtherance of justice to dismiss the enhancements; it also concluded imposing a "gun use enhancement on each of the three discrete" offenses (counts 4, 7, and 11) was appropriate because the offenses "were completely separate from one another."

The trial court imposed an indeterminate term of seven years to life in prison with the possibility of parole, plus a determinate consecutive term of 22 years, four months. Firearm enhancements comprised 14 years, eight months of the determinate sentence. (The court imposed and stayed the firearm enhancements attached to counts 5, 8, 9, and 10.) Finally, the court noted the remittitur did not authorize it to alter Moss's sentence on the "substantive crimes," but that if the court "had . . . jurisdiction," to do so, it "would leave those portions of the sentence in place."

Moss raises two principal claims on appeal. First, he contends the trial court erred by imposing multiple firearm enhancements because section 1385, subdivision (c)(2)(B) "bars multiple enhancements 'in a single *case*.'" Several courts have rejected this argument — they have concluded the "shall be dismissed" language in subdivision (c)(2)(B), when read together with the statutory framework as a whole, does not mandate dismissal when "doing so

would endanger public safety." (*People v. Mendoza*, *supra*, 88 Cal.App.5th at pp. 291, 294–297 & 296, fn. 4; *People v. Anderson* (2023) 88 Cal.App.5th 233, 238–241; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–21; *People v. Walker* (2022) 86 Cal.App.5th 386, 391, 396–398; see also *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1093–1097.)[2]  Moss fails to cite any of these decisions — all of which were decided before he filed his reply brief — and he does not challenge the court's conclusion that dismissing all but one firearm enhancement would endanger public safety.  We adopt the persuasive reasoning from these cases; in so doing, we reject Moss's argument.  Having reached this conclusion, we need not address his proffered definition of the phrase "a single case" in subdivision (c)(2)(B).

Second, Moss argues he is entitled to resentencing under Assembly Bill No. 518 (2021–2022 Reg. Sess.; Stats. 2021, ch. 441), which amended section 654 before the resentencing hearing to provide "the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)  According to Moss, the "court did not appear to consider its new discretion" at resentencing because no one mentioned the amended statute before or during the hearing, and the court imposed an indeterminate term of seven years to life with the possibility of parole on count 1 — kidnapping to commit rape or robbery — and stayed shorter determinate terms on counts 2 and 3 — burglary and sexual battery — arising of the same incident.  The Attorney General agrees remand for resentencing is appropriate so the court can

---

[2] The California Supreme Court granted review in *People v. Anderson*, review granted Apr. 19, 2023, S278786; *People v. Ortiz*, review granted Apr. 12, 2023, S278894; and *People v. Walker*, review granted Mar. 22, 2023, S278309.

consider whether to stay count 1.  We decline to accept the concession. (*People v. Bocanegra* (2023) 90 Cal.App.5th 1236, 1255, fn. 7.)

Absent contrary evidence, we presume the trial court knows — and follows — the law.  (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.)  Here, the amendment to section 654 took effect four months before the resentencing hearing.  Thus, we presume the court made its sentencing decisions with full knowledge of the amendments to the statute.  (*People v. Frazier* (2020) 55 Cal.App.5th 858, 868–869.)  But even if we assume otherwise, remand is not required because the court's comments clearly indicate it would have imposed the same sentence had counsel explicitly mentioned Assembly Bill No. 518.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [resentencing not required if court would have imposed same sentence had it been aware of its discretion].)  At resentencing, the court described Moss's crimes as "horrific" and "absolutely horrendous."  It also declined to strike the firearm enhancements pursuant to section 1385, subdivision (c) and stated it would leave the remaining "portions of the sentence in place."  Under these circumstances, there is no realistic possibility the court would have exercised its discretion under section 654 to stay the indeterminate sentence on count 1.  Accordingly, remanding for a second resentencing hearing would waste precious judicial resources.

## DISPOSITION

The judgment is modified to strike the unpaid balance of the $250 probation investigation fee imposed under former section 1203.1.  (See § 1465.9.)  The trial court is directed to amend the abstract of judgment to reflect this modification and to send a copy of the amended abstract to the Department of Corrections and Rehabilitation.

5

_____

Rodríguez, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Petrou, J.

A165376